IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN R. DEMOS, #287-455            *

   Plaintiff                               *

v.                                             *     CIVIL ACTION NO. CCB-20-1020

DONALD TRUMP, *et al.*,              *

   Defendants                          *
                                               *****

**MEMORANDUM**

On April 20, 2020, John R. Demos, an inmate incarcerated at the Washington State Penitentiary in Walla Walla, Washington, filed the instant case naming Donald Trump, Mike Pence, and Mitch McConnell as defendants. ECF 1, p. 1. Demos alleges that the United States Congress has no authority outside of Washington D.C.; (*id*., p. 6); the United States Constitution is inadequate to react to the coming dictatorship (*id*., p. 7); the 8th Amendment to the U.S. Constitution is unconstitutionally vague (*id*.). He claims that Defendants have mismanaged the Covid-19 pandemic in failing to flatten the curve, "doing to much, to little, to late" (sic), neglecting to protect the public health, safety, and welfare, and "dealing in hindsight, as opposed to foresight." *Id*., p. 10. Demos has filed a motion for leave to proceed in forma pauperis (ECF 2) and given his incarceration and previous filings, he appears to be impoverished.

A prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned, who is

familiar with Demos's previous civil filings, notes that since 1997, Demos has had numerous cases dismissed as frivolous and at least three which were previously dismissed under 28 U.S.C. § 1915(g).[1]  In the instant case, while Demos states that is under "imminent danger" he does not provide any facts to support his allegation that he is under a specific threat of harm.  In light of the foregoing, the court concludes the case shall be dismissed without prejudice.[2]

A separate Order follows.

| | |
|---|---|
| 4/28/20 | /S/ |
| Date | Catherine C. Blake |
| | United States District Court |

---

[1] *See Demos v. Motellap*, Civil Action No. MJG-00-698 (D. Md. 2000); *Demos v. Doe*, Civil Action No. MJG-00-547 (D. Md. 2000); *Demos v. Doe*, Civil Action No. JG-00-1035 (E.D. Pa. 2000); *Demos v. Scott Paper Co.,* Civil Action No. JG-97-4109 (E.D.Pa. 1997); *Demos v. Mikulski*, Civil Action No. CCB-03-1730 (D. Md. 2003); *Demos v. United States*, Civil Action No. CCB-09-3205 (D. Md. 2009); *Demos v. Washington State*, Civil Action No. CCB-10-006 (D. Md. 2010) *Demos v. Naitonal Intelligence Director, et al,* Civil Action No. CCB-14-721 (D Md. 2014); *Demos v. CIA*, Civil Action No. CCB-15-1582 (D. Md. 2015).

The foregoing is a small sampling of the cases filed by Demos which were *sua sponte* dismissed by the court. The court notes that a review of PACER reveals that plaintiff has filed hundreds of cases throughout the country, the bulk of which have been filed in the United States District Court for the District of Washington.  Staff at the United States District Court for the District of Washington report that plaintiff is subject to a bar order, entered prior to the adoption of the PLRA, wherein plaintiff's cases are screened before they are accepted for filing.

[2] Even if Demos paid the civil filing fee the complaint would be subject to dismissal because he lacks standing to raise the generalized claims asserted making the issues he presents non-justiciable.  Because a finding of non-justiciability deprives a court of subject matter jurisdiction, *Taylor v. Kellogg Brown & Root Servs., Inc.,* 658 F.3d 402, 412 (4th Cir. 2011), the complaint is also subject to dismissal for lack of jurisdiction.  *See Bulldog Trucking,* 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte,* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."); *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  Plaintiff's broadly stated assertions identify no particularized harm he has suffered as a result of the actions challenged. Moreover, he fails to allege any causal connection between any injury alleged and the challenged conduct.  In sum, he lacks standing to assert these claims on behalf of the citizens of the United States and has failed to allege any personal injury to him resulting from Defendants' policies or lack of action.